# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA MUSALLAM, | CV F   05-1546 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO COMPLY WITH LOCAL RULE 83-183(b) |
| v. | |
| UNITED STATES IMMIGRATION SERVICE, | |
| Respondent. | |

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 6, 2004, this action was transferred to this Court from the United States District Court for the Northern District of California. Documents including a "Litigant Letter" were mailed to Petitioner. On December 19, 2005, the documents mailed to Petitioner were returned by the U.S. Postal Service as undeliverable with a notation that Petitioner was "not in custody." (Court Doc. 3.)

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

1 In the instant case, sixty days have passed since Petitioner's mail was returned and she has
2 not notified the court of a current address.
3 In determining whether to dismiss an action for lack of prosecution, the court must
4 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
5 court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public
6 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
7 alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856
8 F.2d 1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this
9 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case
10 has been pending for since December 5, 2005.  The court cannot hold this case in abeyance
11 indefinitely based on Petitioner's failure to notify the court of her address.  The third factor, risk
12 of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury
13 arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>
14 <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of
15 cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.
16 Finally, given the court's inability to communicate with Petitioner based on Petitioner's failure to
17 keep the court apprised of her current address, no lesser sanction is feasible.

18 **RECOMMENDATION**

19 Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
20 Petitioner's failure to prosecute.
21 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
22 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
23 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
24 of California.  Within thirty (30) days after being served with a copy, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
27 shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
28 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 1, 2006**         /s/ Sandra M. Snyder
icido3                     UNITED STATES MAGISTRATE JUDGE